UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARISA ANN PEREZ and ALAN GUARINO,

                      Plaintiffs,                              MEMORANDUM
  - against-                                                       AND ORDER

SANDALS RESORTS INTERNATIONAL, LTD.,        11 CV 914 (RML)
SANDALS REGENCY, SANDALS LA TOC GOLF
RESORT & SPA, and FREDERICK PROSPERE,

                      Defendants.
-------------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        This case is before me on consent of the parties, pursuant to 28 U.S.C. § 646(c). (See Consent to Jurisdiction by U.S. Magistrate Judge, dated Sept. 30. 2014.) Plaintiffs now move for leave to amend the complaint to correct the names of defendants. Specifically, they seek to change two of defendants' names from "Sandals Regency" and "Sandals La Toc Golf Resort & Spa" to "LaToc Holding Limited" and "Ciceron Management Limited." Defendants oppose the motion. I heard oral argument on December 9, 2014 and issued a ruling on the record, which is memorialized here.

## BACKGROUND AND PROCEDURAL HISTORY

        Plaintiffs commenced this personal injury action in February 2011, based on a motor vehicle accident that occurred on October 16, 2010 at the Sandals Regency La Toc Golf Resort and Spa in St. Lucia. (See Complaint, dated Feb. 23, 2011 ("Compl.").) Plaintiffs Marisa Ann Perez and Alan Guarino[1] allege that, as they were walking on the resort grounds, a shuttle bus operated by defendant Frederick Prospere, a Sandals employee, hit Ms. Perez. Ms. Perez

---

[1] At the oral argument on December 9, 2014, plaintiffs stated their intent to discontinue Mr. Guarino's derivative claim, as well as Ms. Perez's claim for future lost earnings.

claims to have sustained a complicated fracture to her right leg and ankle, resulting in five operations. She also claims to have been diagnosed with Reflex Sympathetic Dystrophy (a/k/a Complex Regional Pain Syndrome).

In their complaint, plaintiffs named as defendants Sandals Resorts International, Ltd., Sandals Regency, Sandals La Toc Golf Resort & Spa, and Frederick Prospere.[2] (See Compl.) An Answer was filed and served on behalf of all defendants, stating that Sandals Regency and Sandals La Toc Golf Resort & Spa were "improperly named." (See Answer, dated Mar. 23, 2011.) Defendants also asserted as their Fourteenth Affirmative Defense that "Defendants do not own or operate the hotel where the incident is alleged to have occurred" and as a Fifteenth Affirmative Defense that "[s]ervice of process has not been properly effected on all defendants." (Id.) Nonetheless, Day Pitney LLP appeared on behalf of all defendants, participated in numerous court conferences and mediation, and engaged in discovery, including depositions taken in St. Lucia.[3]

Plaintiffs now seek to amend the complaint to correct the names of two of the defendants. They admit that they "neglected to seek to correct the misnomer earlier," but they blame defendants' "course of conduct" and "failure to move for a dismissal," and they argue that the amendment will not prejudice defendants, delay the trial, or create a need for additional discovery. (See Pls.' Motion to Amend/Correct/Supplement the Complaint, dated Sept. 29, 2014 ("Pls.' Mem.").)

Defendants argue that they made plaintiffs aware of defendants' identities in

---

[2] Frederick Prospere is apparently deceased.

[3] Plaintiffs did not seek to take a Rule 30(b)(6) deposition.

-2-

Interrogatory Responses served on June 23, 2011.  At a conference on July 11, 2011, the court entered an order setting September 15, 2011 as the deadline for amending the pleadings. Defendants contend that plaintiffs should have moved to amend the pleadings at that time, and that their failure to do so prejudices the mis-named defendants, who claim they are not subject to personal jurisdiction in this court.  According to defendants, LaToc Holding Limited and Ciceron Management Limited are located in St. Lucia; they contend that they never moved to dismiss for lack of personal jurisdiction because they were never properly named as defendants or served with the complaint.  (See Defs.' Mem. of Law in Opp. to Pls.' Motion for Leave to Amend the Complaint, dated Oct. 9, 2014.)

Plaintiffs respond that defendants "waived and forfeited their opportunity to raise the defense of personal jurisdiction and improper service" by participating in the litigation, failing to object or claim improper service earlier, and not informing plaintiffs of defendants' correct names in discovery.  (See Pls.' Mem. of Law in Reply and Further Support of Pls.' Motion to Amend the Pleadings, dated Oct. 15, 2014.)  They state that they fully expected defendants' counsel to stipulate to the name correction, and they contend that defendants cannot be prejudiced, since they had full notice of the incident and their interests have been fully represented in this case.  (Id.)

## DISCUSSION

The "misnomer" rule operates in cases where a plaintiff has actually sued and served the correct party but has mistakenly used the wrong name of the defendant in the original caption.  Flynn v. Best Buy Auto Sales, 218 F.R.D. 94, 97 (E.D. Pa. 2003) (citing Munetz v. Eaton Yale and Towne, Inc., 57 F.R.D. 476, 479 (E.D. Pa. 1973)).  See also Circuito Cerrado Inc.

v. La Camisa Negra Rest. & Bar Corp., No. 09 CV 5181, 2011 WL 1131113, at *2 (E.D.N.Y. Mar. 7, 2011) ("Where there is notice and no discernible prejudice, amendment has been allowed to correct the name of a sued party while a suit is pending or even after judgment.") (citing cases). The basic test under the misnomer rule is "whether it would be reasonable to conclude that plaintiff had in mind the proper entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether the plaintiff actually meant to serve and sue a different person." Id. (emphasis added).

Moreover, in order for the amended complaint to relate back under FED. R. CIV. P. 15(c), the newly named parties must have "[known] or should have known that, but for a mistake concerning identity of the proper party, the action would have been brought against the party." FED. R. CIV. P. 15(c). See also Graves v. Gen. Ins. Corp., 412 F.2d 583, 584 (10th Cir. 1969) ("Corrections of misnomers are permitted under Rule 15(c). . . [where] the plaintiff actually sued and served the correct party, the party he intended to sue, but mistakenly used the wrong name of defendant. The defendant, in these cases, of course, had notice of the suit within the statutory period and was not prejudiced by a technical change in the style of the action."). "The addition or substitution of parties who had no notice of the original action is not allowed." Id. at 585. In other words, "the misnomer provision applies only when the right defendant has been sued by the wrong name, not when the wrong defendant has been sued." Arendt v. Vetta Sports, Inc., 99 F.3d 231, 234 (7th Cir. 1996).

Defendants raise two objections to plaintiffs' motion to amend: (1) service of process, and (2) personal jurisdiction. I will address each in turn.

1. Service of the Original Complaint

On March 2, 2011, plaintiffs' counsel sent a copy of the pleadings to Day Pitney LLP with a Notice of Lawsuit and Request for Waiver of Service and Form for Waiver of Service of Summons. (See Pls.' Mem., Ex. 9.) The notice states:

> If you do not return the signed waiver within the time indicated, I
> will arrange to have the summons and complaint served on you.
> And I will ask the court to require you, or the entity you represent,
> to pay the expenses of making service.

(Id.) Defendants' counsel did not sign or return the waiver of service, and plaintiffs' counsel did not arrange to serve the Summons and Complaint on LaToc Holding Limited and Ciceron Management Limited (under those names or the names used in the caption of the original complaint). There is no Return of Service on the docket sheet, and plaintiffs have not attached an affidavit of service as an exhibit to their motion. Without a signed waiver or an affidavit of service, it appears that defendants were never served.

Plaintiffs cite Datskow v. Teledyne, Inc., 899 F.2d 1298, 1302-03 (2d Cir. 1990), for the proposition that a misnamed defendant can waive a defense of improper service by participating in the litigation. In Datskow, the plaintiffs mailed the summons and complaint to the defendant, which was mis-identified in the caption, by certified mail, return receipt requested. The defendant then filed an answer, alleging numerous affirmative defenses, including lack of personal jurisdiction, lack of proper service, and expiration of applicable statutes of limitations. Counsel for both sides then attended a conference with a Magistrate Judge, at which scheduling of discovery and motions was discussed. No mention was made at the conference that the named defendant, TCM, was in fact a division of Teledyne Industries, Inc., rather than Teledyne, Inc., or

that either corporation had not received proper service of the complaint. Defendant then moved to dismiss, and plaintiff cross-moved to amend. The district court dismissed the complaint, ruling that the defendant had not been properly served because mail service is ineffective beyond the territorial limits of the state in which the district court sits. On appeal, the Second Circuit held that, while the mailing provided notice to the defendant, it did not constitute proper service that permitted the exercise of personal jurisdiction. Nevertheless, it found that the defendant waived proper service by participating in the litigation without questioning service of process or personal jurisdiction prior to expiration of the statute of limitations.

In other words, the court focused on the defendant's behavior and found that "defendant's conduct bar[red] it from complaining about the defective form of service." It concluded that "plaintiffs did not select the wrong defendant but committed the lesser sin of mislabeling the right defendant and that *the defendant's conduct, in the circumstances of this case, precludes it from complaining about the absence of personal service*" where the defendant "attended the conference with the magistrate and participated in scheduling discovery and motion practice" and said nothing about defective service of process.[4] Id. at 1301 (emphasis added). The court emphasized that the limitations period "had not yet run at the time of this conference, and it would have been simple for plaintiffs to have made personal service on the defendant if the point had been mentioned." Id. at 1303.

The court also discussed Rule 15(c), which permits relation back where, within the limitations period, the party sought to be brought in or the party whose name is sought to be

---

[4] In the instant case, both sides participated in at least five conferences with me and have completed discovery.

corrected received notice of the action and knew or should have known that it was the party being sued. It held that "there is no requirement that the 'notice' required by Rule 15(c) meet the formalities of service" and that there could "be no doubt that Teledyne Industries, Inc. knew from the complaint that it was the party being sued." Even though it was not properly served within the limitations period, the court concluded that the notice satisfied Rule 15(c), and held that the amendment would relate back to the date of the original complaint. Id. at 1305.

Courts within the Second Circuit have followed the reasoning of Datskow in placing responsibility on the defendant to raise the issue of service from the outset and give the plaintiff a full and fair opportunity to cure the defect. Once a defendant attends court conferences and engages in discovery, it has waived the issue of service. See Bak v. Berman Enters., Inc., No. 91 CV 0206, 1992 WL 373762, at *3 (E.D.N.Y. Dec. 7, 1992) (defendants "waived the objection to service of process through their delay in raising the objection by motion" where, over a twenty-one month period, defendants appeared through counsel at numerous status and settlement conferences before the Magistrate Judge without raising the issue of service of process; discovery was conducted, and the matter was scheduled for trial. "Despite the fact that defendants have been aware of the possible deficiency in service since July 1991, they waited until the eve of trial to bring the motion to dismiss."); Krank v. Express Funding Corp., 133 F.R.D. 14, 17 (S.D.N.Y. 1990) (waiver found although both sides were aware of dispute about service of process and defendant attended two pre-trial conferences without raising the issue); Benveniste v. Eiseman, 119 F.R.D. 628, 629 (S.D.N.Y. 1988) (waiver found where defendant participated in numerous pre-trial conferences over a three-year period and raised issue of insufficiency of service only after discovery had been completed and the trial was set to begin in

a month).

In sum, the defect in service of process does not prevent plaintiffs from amending their complaint or proceeding with the trial. All defendants were placed on actual notice of both the accident and the lawsuit. Although plaintiffs' counsel clearly mishandled the service of process, their mistakes could have been corrected within the limitations period had defendants' counsel raised the issue at a conference before me.

2. Personal Jurisdiction

LaToc Holding Limited and Ciceron Management Limited claim that they are located in St. Lucia and do not have the requisite minimum contacts to be sued in New York. To determine whether it may exercise personal jurisdiction over a defendant, the court looks to the law of the forum state, New York. New York's long-arm statute is C.P.L.R. § 302(a)(1). Section 302(a)(1) provides for the exercise of personal jurisdiction if: (1) the defendant transacts business in New York, and (2) the cause of action arises from such business transaction. Licci v. Lebanese Canadian Bank, 20 N.Y.3d 327, 334 (2012).

In determining what constitutes the "transaction of business" for purposes of § 302(a)(1), the New York Court of Appeals "ha[s] been guided . . . by U.S. Supreme Court opinions delineating proper bases for personal jurisdiction under the Federal Due Process Clause." Ehrenfeld v. Bin Mahfouz, 9 N.Y.3d 501, 508 (2007). Thus, "[t]he overriding criterion necessary to establish a transaction of business is some act by which the defendant purposefully avails himself of the privilege of conducting activities within [New York]." Id. (alterations in original, quotation marks omitted). "When a defendant engages in purposeful activity in New York" that is of a sufficient quality, "personal jurisdiction is proper because it has 'invok[ed] the

benefits and protections of [New York] laws." Id. (quoting George Reiner & Co. v. Schwartz, 41 N.Y.2d 648, 652 (1977) (second alteration in original). However, "[n]ot all purposeful activity . . . constitutes a 'transaction of business' within the meaning of [CPLR § 301(a)(2)]." Fischbarg v. Doucet, 9 N.Y.3d 375, 380 (2007). While New York courts have not delineated the outer boundaries of "transacting business" jurisdiction, they have emphasized that it is the nature and extent or "quality of the defendant's New York contacts that is the primary consideration." Id.

Neither party has briefed the issue of minimum contacts or whether these defendants were transacting business in New York, and in fact, defendants have not moved to dismiss the complaint (on personal jurisdiction grounds or any other). It also bears noting that, while they raised the affirmative defense of lack of service, defendants did not allege lack of personal jurisdiction in their Answer.[5] Instead, defendants now use the alleged lack of personal jurisdiction as a basis for objecting to plaintiffs' motion to amend, and plaintiffs argue that defendants forfeited the personal jurisdiction defense by appearing and participating in this action.

FED. R. CIV. P. 12(h) states:

(h) Waiving and Preserving Certain Defenses.
(1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)-(5)[6] by:
(A) omitting it from a motion in the circumstances described in Rule 12(g)(2)[7]; or

---

[5] Defendants did claim that the action should be dismissed or transferred "pursuant to the doctrine of forum non conveniens" and that venue is not properly before this court. (See Answer.)

[6] Lack of personal jurisdiction is a defense under Rule 12(b)(2).

[7] This provision is inapplicable as defendants have not made any motion.

    (B) failing to either:
    (i) make it by motion under this rule; or
    (ii) include it in a responsive pleading or in an amendment allowed
    by Rule 15(a)(1) as a matter of course.

Thus, the personal jurisdiction defense is forfeited if not raised by motion to dismiss or asserted in the Answer. A defendant cannot engage in discovery and then assert lack of personal jurisdiction on the eve of trial. Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 62 (2d Cir. 1999) (reversing lower court's dismissal on personal jurisdiction grounds. "By withholding its motion, Atlas gambled that it could raise the personal jurisdiction issue on the eve of trial, in case a trial occurred."); Peterson v. Highland Music, Inc., 140 F.3d 1313, 1318 (9th Cir. 1998) ("Most defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party during litigation.").

Since the mis-named defendants filed an Answer that did not assert a personal jurisdiction defense, and then engaged in discovery, mediation, and court conferences via counsel, I find that they forfeited a defense based on lack of minimum contacts.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to amend the complaint is granted.

SO ORDERED.

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
        January 7, 2015